IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 MAR 16  AM 9:06
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

TOMMY COLEMAN,
      Plaintiff,

-vs-                   Case No. A-16-CA-540-SS

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,
      Defendant.

## ORDER

  BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Tommy Coleman (Coleman)'s Brief in Support of Claim [#15], Defendant Carolyn W. Colvin (Commissioner)'s Brief in Support of the Commissioner's Decision [#16], and the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#17], to which Coleman has not objected. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's report and recommendation and AFFIRMING the Social Security Commissioner's decision.

  This is an appeal from a denial of Supplemental Security Income (SSI). Coleman filed this action on May 4, 2016. *See* Compl. [#1].[1] Coleman's complaint challenges the denial of his application for SSI by an administrative law judge (ALJ). All matters in the case were referred to the Honorable Andrew W. Austin, United States Magistrate Judge, for report and recommendation

---

[1] The Magistrate Judge and the parties cited the Social Security record filed in this case as "Tr." *See* Report and Recommendation [#17]; Pl.'s Br. [#15]; Def.'s Br. [#16]. For consistency, this Court will also cite the record as "Tr." when citing the Social Security Transcript and the associated appendices. *See* Tr. [#13].

pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. On December 2, 2016, the Magistrate Judge issued his report and recommendation, finding substantial evidence in the record supports the ALJ's conclusions and recommending this Court affirm the Commissioner's denial of SSI. Coleman did not file written objections to the Magistrate Judge's report and recommendation, and thus the Court is not required to review the report and recommendation de novo, but for plain error only. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nonetheless, the Court reviewed the entire file de novo and agrees with the Magistrate Judge's recommendation.

## Background

On March 20, 2013, Plaintiff Tommy Coleman filed his application for SSI, alleging he became unable to work on August 30, 2009, due to depression, bipolar disorder, back and knee problems, heart failure, numbness in arms, chest pain, and sleep problems. Tr. [#13] at 89–90. Coleman's past relevant work includes working as a cargo loader and door-to-door sales representative. *Id.* at 62–64. Coleman possesses a high school GED. *Id.* at 61.

The Social Security Administration initially denied Coleman's application for SSI on July 17, 2013, and then again denied the application upon reconsideration on January 20, 2014. Pl.'s Br. [#15] at 1. Coleman subsequently requested an administrative hearing, which was held on April 16, 2014, before Administrative Law Judge Osley F. Deramus (the ALJ) and attended by Coleman and his attorney. Tr. [#13] at 57.

On May 27, 2015, the ALJ issued a decision finding Coleman was not disabled within the meaning of the Social Security Act as he was able to perform light work with limitations. Tr. [#13] at 12–22. Coleman sought review of the ALJ's decision, but the Appeals Council of the Social Security Administration denied Coleman's request on March 11, 2016. *Id.* at 1–6. As a result, the denial of benefits became the final decision of the Commissioner. *Id.* Having exhausted his administrative remedies, Coleman now seeks review of the Commissioner's final decision under 42 U.S.C. § 405(g).

## Analysis

Consistent with the Magistrate Judge's conclusion, the Court finds the ALJ's determinations, and thus the Commissioner's decision, supported by substantial evidence. Thus, the Court affirms the Commissioner's denial of Coleman's application for SSI.

### I.  Standard of Review

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

    4.    a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

    5.    if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills [his] burden of pointing out potential alternative employment, the burden . . . shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

    Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

    The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not re-

weigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g).

## II.   The ALJ's Decision

In analyzing Coleman's claim, the ALJ employed the five-step sequential evaluation process to determine whether Coleman was disabled. *See id.* at 12–22. For the initial step, the ALJ determined that Coleman had not engaged in substantial gainful activity since the application date of March 20, 2013. *id.* at 14. Second, the ALJ found Coleman suffers from severe impairments of post-traumatic stress disorder (PTSD), depression, bipolar disorder, degenerative joint disease, chronic pancreatitis, and status post right hand fracture. *Id.*

Third, the ALJ concluded, Coleman's impairments, both separately and collectively, were not presumptively disabling because they did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 15. Additionally, as part of the third step, the ALJ determined that Coleman has the residual functional capacity ("RFC")[2] to:

> perform light work as defined in 20 C.F.R. § 416.967(b) except he can lift and/or carry 20 pounds occasionally, 10 pounds frequently. He can stand and/or walk six hours in an eight-hour workday. He can sit six hours in an eight-hour day. He can push or pull the weights given. He can occasionally, stoop, crouch, crawl, kneel, and

---

[2] For context, RFC "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Irby v. Barnhart*, 180 F. App'x 491, 493 (5th Cir. 2006) (quoting S.S.R. 96–8p).

>balance. He can occasionally climb stairs, but cannot climb ladders. He can frequently grasp and finger with his right hand. He must avoid heights and dangerous moving machinery. Due to psychologically based factors, the claimant has some limitations but is able to understand, remember, and carry out simple instructions, make simple decisions, and maintain concentration and persistence long enough to complete simple tasks. He can accept instructions, but contact with coworkers and the public should be limited to occasional and incidental to the work performed.

*Id.* at 16. In making this RFC determination, the ALJ concluded that Coleman's statements concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible. *Id.* at 18.

Fourth, the ALJ found Coleman unable to perform his past relevant work. *Id.* at 21. However, as part of the fifth and final step, the ALJ found Coleman could perform other jobs. *Id.* Specifically, the ALJ reasoned Coleman has the RFC to perform work as a cleaner or housekeeper, jobs which exists in significant numbers in the national economy. *Id.* at 21–22. As a result, the ALJ concluded Coleman is not disabled as defined in the Social Security Act. *Id.* at 22.

### III. Substantial Evidence Supports the ALJ's Decision

Before making a determination about a claimant's disability status, an ALJ must determine the individual's RFC. Such a determination requires an ALJ to evaluate the evidence in the record to discern the plaintiff's abilities in light of his physical and mental limitations. *See* 20 C.F.R. § 404.1545. Specifically, an ALJ must consider the limiting effects of plaintiff's impairments, even those that are non-severe, and any related symptoms. *See id.* §§ 404.1529, 404.1545; SSR 96–8p. An ALJ exercises discretion over the relative weight accorded to the evidence and is not required to incorporate limitations into the RFC he finds unsupported by evidence. *Chambliss v. Massanari*,

269 F.3d 520, 523 n. 1 (5th Cir. 2001) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)); *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir.1988).

Coleman argues the ALJ's conclusion he is not disabled is erroneous because the ALJ's RFC determination is not supported by substantial evidence.[3] In particular, Coleman argues the ALJ found he has moderate limitations in social functioning and concentration, persistence, and pace resulting from his severe mental and physical impairments but failed to incorporate these limitations into the RFC. Pl.'s Br. [#15] at 3–7.

While Coleman argues the ALJ did not account for limitations stemming from his severe impairments, "[a] finding that an impairment is severe indicates only that one might expect the impairment to interfere with the ability to work." *Gallegos v. Astrue*, 2013 WL 1290199 at * 6 (W.D. Tex. March 25, 2013). The classification of an impairment "is a threshold question; whether and how the impairment *actually* interferes with the ability to work is not determined until that threshold has been breached." *Id.; see also Vereen v. Barnhart*, 2005 WL 3388136 at * 5 (W.D. Tex. Nov. 16, 2005) ("Rather, a plaintiff bears the burden of proving that a diagnosed impairment has more than a minimal effect on his or her ability to engage in work activities."). Thus, the classification of Coleman's impairments as severe does not, in itself, merit finding him disabled.

Instead, the ALJ incorporated the findings on Coleman's impairments into his RFC determination. *See, e.g.*, Tr. [#13] at 16 (finding Coleman can perform the full range of household tasks subject to physical limitations); *id.* at 17 (stating the Coleman "can accept instructions, but contact with coworkers and the public should be limited"). Consequently, the ALJ limited Coleman

---

[3] There is no argument the correct legal standards were not applied in this case. *See* Pl.'s Br. [#15]. Thus, the Court does not explore this line of inquiry. *See Kinash*, 129 F.3d at 738.

to simple instructions, decisions, and tasks and concluded he could perform the requirements of a housekeeper. *Id.* at 17–20.

In sum, substantial evidence supports the ALJ's RFC determination. First, there is substantial evidence to support the ALJ's limitation of social functioning. The ALJ noted Coleman can go shopping but prefers to shop at night when there are fewer people in the store. *Id.* at 16. The ALJ also relied on Coleman's testimony that he has no trouble getting along with family, friends, and neighbors but his anxiety causes him to limit interaction with people. *Id.*

Moreover, the ALJ relied on expert opinions indicating Coleman has mild limitations in his daily living activities and moderate limitations in social functioning. In particular, the ALJ gave great weight to Dr. Spraggins, a psychiatrist who examined Coleman, in determining Coleman's RFC. *Id.* at 20. Dr. Spraggins noted that Coleman's ability to get along with others was negatively impacted, but stated that his prognosis was fair and that Coleman would likely respond well under psychotropic or therapeutic treatment. *Id.* at 357–59. Similarly, the ALJ gave great weight to the assessment of Dr. Cox, a consulting physician. *Id.* at 20. Dr. Cox noted that Coleman had moderate difficulties in social functioning, but is "able to go out alone, drive [a] car, shop in stores" among other everyday activities. *Id.* at 106. Thus, there is substantial evidence to support the ALJ's determination Coleman is able to interact with the public and coworkers on an occasional basis.

Second, there is substantial evidence to support the ALJ's finding Coleman can carry out simple instructions, make simple decisions, and perform simple tasks. The ALJ cites statements by Coleman's treating physicians indicating Coleman is not as physically limited as alleged and moves with a normal gait and stance. *Id.* at 18 (citing medical records from Austin Travis County Integral Care, the University Medical Center Brackenridge, and Community Care). One physician even noted

Coleman "exercises daily." *Id.* at 1008. Again, the ALJ also relied on the opinions of Dr. Cox and Dr. Spraggins, both of whom found only moderate difficulties in Coleman's task performance. *Id.* at 20. Coleman himself reported he could prepare meals, go grocery shopping, perform chores, and follow instructions. *Id.* at 257–61. Thus, there is substantial evidence to support the ALJ's finding that Coleman can carry out simple instructions, make simple decisions, and perform simple tasks.

## Conclusion

As the ALJ is tasked with weighing the evidence, the Court is limited to reviewing the ALJ's conclusion in light of the evidence. After reviewing the evidence, the Court concludes there is substantial evidence in the record as a whole to support the ALJ's RFC determination and conclusion Coleman is not disabled within the meaning of the Social Security Act. Therefore, the Commissioner's decision is AFFIRMED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#17] is ACCEPTED; and

IT IS FURTHER ORDERED that the Commissioner's denial of Plaintiff Tommy Coleman's application for Supplemental Security Income is AFFIRMED.

SIGNED this the 16th day of March 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE